**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121644

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oliya Fedun, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Meruelo Media LLC, | |
| Defendant. | |

Plaintiff Oliya Fedun ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Meruelo Media LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs and videos featuring celebrities which Plaintiff licenses to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's photographs and many others are the subject of pending copyright

applications.

4. Defendant owns and operates an Instagram account (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's video to the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Oliya Fedun is an individual who is a citizen of the State of New York and maintains a principal place of business in Queens County, New York.

7. On information and belief, Defendant Meruelo Media LLC, is a California Limited Liability Company with a principal place of business at 4975 W Pico Boulevard, Los Angeles, California 90019 in Los angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Meruelo Media LLC because Meruelo Media LLC maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Meruelo Media LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owners of photographs and videos which she licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's video and photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's videos and photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15. Meruelo Media LLC is the registered owner of the Account and is responsible for its content.

16. On October 8, 2019 Plaintiff authored a photograph of Lil Kim Harassed by Animal activists (the "Video"). A copy of a still frame from the Video is attached hereto as Exhibit 1.

17. The Video was registered by USCO on October 17, 2019 under Registration No. PA 2-218-536.

18. Plaintiff observed the Video on the Account. A copy of Screengrab of the Account including a still frame of the Video is attached hereto as Exhibit 2.

19. A copy of the Video was stored and displayed on at the following URL: https://scontent-lga3-l.cdninstagram.com/v/t50.288616/72874090_l36195274392158_l318942533114592819_n.mp4?nc....ht=scontentlga3l.cdninstagram.com&_nc....cat=l06&oe=5DB l 344F&oh=9da 733b09c4 la 73d606b82e933db 7f96.

20. Without permission or authorization from Plaintiff, Defendant

3
PLAINTIFF'S COMPLAINT

volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video on the Account.

21. On information and belief, the Video was copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyright (the "*Infringement*").

22. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

23. The Infringement is an exact copy of Plaintiff's original work that was directly copied and stored by Defendant on the Account.

24. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

25. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

26. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

27. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

28. On information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

29. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

30. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

31. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

32. The Video is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

33. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

34. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

35. Defendant's reproduction of the Video and display of the Video on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

36. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## JURY DEMAND

37. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 <u>et seq.</u> and award damages and monetary relief as follows:

    a.    Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

    b.    A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    c.    Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d.    Plaintiff's costs; together with

    e.    Such other relief that the Court determines is just and proper.

DATED: February 20, 2021

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121644